IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, ) | |
| ) | |
| Plaintiff, ) | 4:05cv3258 |
| ) | |
| vs. ) | ORDER |
| ) | ON INITIAL REVIEW |
| NEBRASKA DEPARTMENT OF ) | |
| CORRECTIONAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Jerome Davis, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. §1983, alleging excessive force by the defendants.

Also before the court is filing no. 6, the plaintiff's Motion for Information and Extension. Filing no. 6 is granted in part and denied in part. The motion is granted insofar as the plaintiff requests an extension of time to pay his initial partial filing fee because he has been placed in segregation and has no assets, funds, or prison job. The requested extension is granted, and the plaintiff shall be responsible for the initial partial filing fee when sufficient funds exist in his inmate trust account.

On the other hand, the plaintiff also states in filing no. 6 that he would like to obtain information under the Freedom of Information Act ("FOIA"). However, the defendant in this case is DCS, an agency of the State of Nebraska. The FOIA applies only to federal, not state or local, governmental bodies or agencies. See 5 U.S.C. § 552; 5 U.S.C. § 552a; Grand Central Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999); Mamarella v. County of Westchester, 898 F. Supp. 236, 237-238 (S.D.N.Y. 1995). See also Jones v. City of Indianapolis, 216 F.R.D. 440, 443 (S.D. Ind. 2003) and cases cited therein.

Thus, the disclosure obligations imposed on "agencies" by the FOIA do not require state and local agencies, entities or governments to make information or documents available to members of the public. In addition, actions pursuant to the FOIA are not properly brought against individual employees or officials of an agency. Petrus v. Bowen, 833 F.2d 581, 582-583 (5th Cir.1987). Accord Johnson v. Commissioner, 239 F. Supp.2d 1125, 1139 (W.D. Wash. 2002) (individual agency employees are not proper party defendants in FOIA actions), *aff'd by unpublished opinion*, 2003 WL 21500036 (9th Cir. 2003). Accordingly, although the plaintiff's Motion for an Extension is granted, his Motion for Information, i.e., disclosure of information or documents pursuant to the FOIA, is

1

denied.

## PLRA

The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, and restricts remedies and procedures in prisoner litigation. 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not use the available grievance procedures, including an appeal or Step Two grievance, before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In this case, however, the plaintiff alleges physical injury.

This case is assigned to the docket of District Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding in forma pauperis ("IFP"), the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. That filing no. 6 is granted in part and denied in part. The Motion for Extension is granted, and the plaintiff shall be responsible for the initial partial filing fee when sufficient funds exist in his inmate trust account. On the other hand, the Motion to obtain information from the defendant pursuant to the Freedom of Information Act (FOIA) is denied.

2. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons and ONE Form 285 to the plaintiff together with a copy of this Order. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot

occur.

3. The defendant is an agency of the State of Nebraska. When completing forms for service of process on the State of Nebraska, its agencies, or on state employees in their *official* capacity, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part:

> (1) The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General.

The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8 The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. To send communications to the court without serving a copy on the other parties to the case violates the rules of court.

9. A defendant has twenty (20) days after receipt of a summons to answer or

otherwise respond to the complaint.

      10.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11.     The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 29TH day of November, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.     A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.     A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.     Do not copy your complaint to attach to the summons; the court will do that for you.

4.      You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.     Be sure to print your case number on all forms.

6.     You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.     For service on the State of Nebraska, a State agency or a State employee in his or her *official* capacity, the address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

8.     On the other hand, state employees in their *individual* capacity may be served wherever they can be found and will accept service of process themselves or through a person authorized to receive a summons on their behalf, e.g., at home or at their present place of employment.

9.     Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

10.    Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

11.    Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

12.    Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.