IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3258 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 31, the defendants' Motion for Summary Judgment. The plaintiff, Jerome Davis, a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), i.e., the State of Nebraska, sued DCS and two corrections officers, Randy Crosby and Calvin Haywood, for damages based on an incident of alleged excessive force at the Nebraska State Penitentiary. However, although the plaintiff purported to sue the two corrections officers in their individual and official capacities, he served each officer in his official capacity only.

A suit against public employees in the employees' official capacity is actually a suit against their public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against state employees, in their official capacity, is in reality a claim against the State itself, as the entity that employs the officers. In this case, that means Crosby and Haywood, as *persons*, i.e., in their individual capacity, have not been brought before the court as defendants in this action. In their official capacity, those defendants are, by operation of law, the State of Nebraska, for purposes of this litigation. Thus, the State is the only defendant in this litigation.

As the defendants point out, the Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or instrumentality, or an employee of a state in his or her official capacity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by

the Eleventh Amendment.").

State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing the State or its agencies and instrumentalities, except insofar as the State or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." No waiver applies to this case. See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.)

In addition, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). However, "a State is not a 'person' as that term is used in [42 U.S.C.] § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." Hilton v. South Carolina Public Railways Com'n, 502 U.S. 197, 199-201 (1991), *citing* Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska.

42 U.S.C. § 1997e(c)(1) requires the court on its own motion or on the motion of a party to dismiss any action brought with respect to prison conditions under 42 U.S.C. § 1983 if, as in this case, the claimant is a prisoner seeking monetary relief from a defendant who is immune from such relief. Accord 28 U.S.C. § 1915(e)(2)(B)(iii), regarding proceedings in forma pauperis: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal ... (iii) seeks monetary relief against a defendant who is immune from such relief."

While he has not done so, it is possible that the plaintiff could request leave to amend his complaint in order to sue Crosby and Haywood in their individual capacities. However, in this case, to do so would be futile. It is apparent from the face of the complaint that the plaintiff failed to complete exhaustion of administrative remedies before

he filed his complaint (see filing no. 1 at page 3, § II B(1), (2), indicating that the plaintiff filed his complaint without waiting for a response from his step 2 grievance). Dismissal is required when an inmate has not completed exhaustion of administrative remedies as to his claims *before* filing a lawsuit. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). "Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." Id. However, because the plaintiff has had an opportunity to address only the issue of sovereign immunity, and because sovereign immunity bars the plaintiff's damages claims against the defendants in their official capacities, the defendants' motion for summary judgment will be granted. See 42 U.S.C. § 1997e(c)(1), (2); 28 U.S.C. § 1915(e)(2)(iii)

THEREFORE, IT IS ORDERED:

1. That filing no. 31, the defendants' Motion for Summary Judgment, is granted;

2. That all other pending motions (e.g., filing nos. 33, 36, 37, 38, 39, 42, 45 and 49) are denied as moot;

3. That the plaintiff's complaint and this action are dismissed as set forth in the accompanying judgment.

October 18, 2006.                                BY THE COURT:

                                                 s/ *Richard G. Kopf*
                                                 United States District Judge