IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME DAVIS, ) | |
| ) | |
| Plaintiff, ) | 4:05cv3258 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | (appeal) |
| NEBRASKA DEPT. OF ) | |
| CORRECTIONAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

The appellant, Jerome Davis, who is in the custody of the Nebraska Department of Correctional Services, has filed a Notice of Appeal and an Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal (filing no. 56).  This court previously granted the appellant leave to proceed IFP in the district court, and Fed. R. App. P. 24(a)(3) therefore applies to this appeal.[1]  Even if an appellant is granted leave to proceed IFP on appeal, the Prison Litigation Reform Act ("PLRA") nevertheless requires the appellant to pay the full amount of the $455 appellate filing fees by making monthly payments to the court. See 28 U.S.C. § 1915(b); Henderson v. Norris, 129 F.3d 481, 483-84 (8th Cir. 1997).

---

[1]Fed. R. App. P. 24(a)(3) states:

(a) Leave to Proceed in Forma Pauperis....
(3) Prior Approval.   A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed– certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.   In that event, the district court must state in writing its reasons for the certification or finding.

1

As set forth in Henderson v. Norris, when a district court receives a prisoner's Notice of Appeal in a civil action, the court assesses the $455 appellate filing fees. If certified trust account information has not been provided to the court with the Notice of Appeal, the court requests the information from the prisoner's institution. When the district court receives the certified copy of the inmate's trust account information, the court:

> (a) calculates the initial partial appellate filing fee as provided by 28 U.S.C. § 1915(b)(1), or determines that the provisions of 28 U.S.C. § 1915(b)(4) apply....
>
> (b) notifies the prison officials to collect and pay the initial partial appellate filing fee from the prisoner's trust account and to calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fee has been paid in full as provided by 28 U.S.C. § 1915(b)(2); and
>
> (c) sends a copy of the collection order to the prisoner.[2]

Id. at 484-85.

In this case, the court has not received a certified copy of the appellant's trust account information for the past six (6) months. Until such information is received, the court will grant the appellant provisional leave to proceed IFP on appeal, and the Clerk of Court shall request the necessary information from the appropriate officer at the appellant's institution. However, the Clerk of Court shall not process the appeal to the Eighth Circuit Court of Appeals until this court issues a Collection Order regarding the amount of the initial partial appellate filing fee.

---

[2]If the district court does not receive a certified copy of the prisoner's prison account within 30 days of the Notice of Appeal, the court shall calculate the initial partial appellate filing fee at $35 or such other reasonable amount as is warranted by available information.

After payment of the initial partial appellate filing fee, the remaining balance of the fee shall be collected by the plaintiff's institution in accordance with 28 U.S.C. § 1915(b)(2)[3], which states:

> (b)(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

In addition, district courts should continue to certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) whether or not an appeal by any appellant who has moved in the district court to proceed IFP on appeal is or is not taken in good faith. If the district court concludes that such an appeal is not taken in good faith, the court shall, pursuant to Fed. R. App. P. 24(a), state in writing the reasons for the denial. Henderson v. Norris, 129 F.3d at 485. In this case, the court concludes that the appellant's appeal is taken in good faith.

THEREFORE, IT IS ORDERED:

1.  That filing no. 56, the appellant's Application for Leave to Proceed In Forma Pauperis on appeal, is provisionally granted, subject to receipt of a certified copy of the appellant's inmate trust account information for the six (6) months preceding the Notice of Appeal;

2.  That the Clerk of Court shall request the necessary trust account information

---

[3]By filing a Notice of Appeal, the appellant is deemed to have consented to the deduction of filing fee payments from his inmate trust account.

3

from the financial officer for the appellant's institution; and

      3.      That upon receipt of the trust account information, the court will calculate the initial partial appellate filing fee and notify the appellant, the appellant's institution, and the Eighth Circuit accordingly.

October 30, 2006.         BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge